UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC STEVEN KNAPP and JANET KNAPP
THEERMAN,

                Plaintiff,

-against-

APRIL KNAPP MARON,

                Defendant.

14-cv-10121 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiffs Marc Steven Knapp and Janet Knapp Theerman, proceeding *pro se*, bring this action against Defendant April Knapp Maron alleging claims of conversion and tortious interference with their expectations of inheritance in connection with their purported rights to certain sums of money held in their deceased parents' deposit and investment accounts. Before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

    The following facts are taken from Plaintiff's Amended Complaint ("AC") unless otherwise noted, and are accepted as true for purposes of this motion.

    Plaintiffs and Defendant are siblings. (AC ¶ 7.) In or around December 2012 or January 2013, Plaintiffs' and Defendant's parents, George and Julia Knapp, relocated to an assisted-living facility in Tuckahoe, New York, approximately one mile from Defendant's home. (*Id.* ¶ 9.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2016

At the time of their move, George and Julia held cash and securities in a number of deposit and investment accounts at several financial institutions. (*Id.* ¶ 10.) The largest concentration of their wealth was at Citibank, which totaled approximately $500,000. (*Id.*) Plaintiffs and Defendant were designated as equal beneficiaries of the Citibank accounts, presumably to be transferred upon the death of their parents. (*Id.* ¶ 11.) At the same time as their parents' move or shortly thereafter, Plaintiffs and Defendant were also designated as equal beneficiaries of the non-Citibank accounts. (*Id.* ¶¶ 12-13.)

Shortly after their move, George and Julia selected Defendant to be their attorney in fact. (*Id.* ¶ 16.) Although Plaintiff Mark Knapp had, until that time, served as their attorney in fact, Defendant explained to Plaintiffs that the change was made to enable her to help their parents pay their bills and manage their finances. (*Id.* ¶¶ 15-16.) Around the same time, Defendant was also added as an account party on George's and Julia's accounts, again to enable her to help them pay their bills and manage their finances. (*Id.* ¶ 17.) Defendant's daughter, Rachel Maron, was also purportedly added as an account party to the accounts, but the Amended Complaint does not state why she was added. (*Id.*) Plaintiffs were not added as account parties to any of the accounts. (*Id.* ¶ 18.)

George and Julia revised their wills in May 2013 and named Defendant as executrix of their estates. (*Id.* ¶ 19.) Julia died in September 2013. (*Id.* ¶ 20.) George died in February 2014. (*Id.*) At the time of George's death, approximately $400,000 remained in his Citibank accounts, with unspecified additional funds remaining in his non-Citibank accounts. (*Id.* ¶ 21.) Plaintiffs have not received any distributions from the accounts on which they were purportedly named as beneficiaries; nor have they received an accounting of the accounts. (*Id.* ¶ 22.)

**STANDARD ON A MOTION TO DISMISS**

To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, a court should accept as true all well-pleaded factual allegations, but should not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12-cv-6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013) (internal citations omitted). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest.'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally."). "However, even pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise 'a right to relief above the speculative level.'" *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint

3

[is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and quotations omitted).

## DISCUSSION

### I. Conversion

Plaintiffs assert that as named beneficiaries of their parents' accounts, their purported future interest in the accounts is sufficient to sustain a claim for conversion. "'To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights.'" *Barnet v. Drawbridge Special Opportunities Fund LP*, No. 14-CV-1376 PKC, 2014 WL 4393320, at *19 (S.D.N.Y. Sept. 5, 2014) (quoting *Nat'l Ctr. for Crisis Mgmt., Inc. v. Lerner*, 91 A.D.3d 920 (2d Dep't 2012)). "Tangible personal property or *specific money* must be involved." *Lerner*, 91 A.D.3d at 921 (internal citations and quotation marks omitted) (emphasis in original). Where, as here, the subject of the conversion claim is money, rather than other personal property, there must be "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Barnet,* 2014 WL 4393320, at *21 (quoting *Thys v. Fortis Sec. LLC.*, 74 A.D.3d 546, 547 (1st Dep't 2010)). Finally, "a plaintiff must have either possessed the money or had a right to immediate possession of the money." *Id.* (citing *Ehrlich v. Howe*, 848 F.Supp. 482, 492 (S.D.N.Y. 1994) (to establish a claim for conversion of money based on a purported future interest, a plaintiff must allege "that the money converted was in specific tangible funds of which the plaintiff was the legal owner and entitled to immediate possession")).

Although it is not entirely clear whether New York permits conversion claims based on a right to future possession, *see Barnet*, 2014 WL 4393320, at *20 (citing *Solow v. Delit*, No.

4

71943, 1993 WL 322838, at *6 (S.D.N.Y. Aug. 16, 1993)), even if it did, Plaintiffs have not alleged that they ever possessed the funds located in their parents' accounts or had any right to the immediate possession of those funds. Such allegations are required to state a claim for conversion of money under New York law. *See Barnet,* 2014 WL 4393320, at *21 (citing *Ehrlich*, 848 F.Supp. at 492). In fact, Plaintiffs concede that they did not have any possessory interests in George's and Julia's accounts during their parents' lifetimes and that the beneficiary designations on the accounts could have been changed prior to their parents' deaths. (Pls.' Opp. at 7-8.)

Plaintiffs attempt to rescue their conversion claim by arguing "[o]n information and belief" that even if the beneficiaries of the accounts were changed by George prior to his death, Plaintiff Theerman "was likely still a beneficiary [on the accounts] when George died," and thus had an immediate possessory interest immediately following George's death. (*Id.* at 8.) This argument is highly speculative and does not appear to be based on any particular information cited or highlighted by Plaintiffs. "'Conclusory pleadings on information and belief are inadequate as a matter of law' to survive a motion to dismiss." *Egan v. TradingScreen, Inc.*, No. 10 CIV. 8202 LBS, 2011 WL 1672066, at *9 (S.D.N.Y. May 4, 2011) (quoting *Lesavoy v. Lane*, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004), *aff'd in part, vacated in part on other grounds, remanded sub nom. Lesavoy v. Gattullo-Wilson*, 170 F. App'x 721 (2d Cir. 2006)). Thus, Plaintiffs' alternative theory of conversion is equally unavailing.

Plaintiffs' lack of actual possession, or a right to immediate possession, of the funds in their parents' accounts is fatal to their conversion claim. It is therefore dismissed.

## II.   Tortious Interference with Expectation of Inheritance

"New York . . . has not recognized a right of action for tortious interference with prospective inheritance." *Vogt v. Witmeyer*, 87 N.Y.2d 998, 999 (1996). *See also David v.*

*Rabuffetti*, No. 08 CIV. 5647 RJS, 2011 WL 1346997, at *6 (S.D.N.Y. Mar. 30, 2011) ("the fact remains that New York does not recognize a cause of action for tortious interference with an expected inheritance."); *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 254 (S.D.N.Y. 2002).  Despite what appears to be a clear bar on asserting this claim in New York, Plaintiffs ask this Court to treat their claim "as a matter of first impression," and to permit it to survive Defendant's motion to dismiss.  Plaintiffs' arguments are unavailing.

Plaintiffs seek to distinguish *Vogt* and *Weizmann* on the ground that the tortious interference alleged in each of the cases "took the form of inducement" – in both cases attorneys or trustees "induced" the creator of the trust to remove the plaintiffs as beneficiaries from the relevant trusts. (Pls.' Opp. at 16-17.)  But here, "Plaintiffs are challenging the *actions* taken by [D]efendant to thwart George[']s and Julia's beneficiary designations on their bank and brokerage accounts," (*id.* at 17), not inducements by Defendant to cause George and/or Julia to change the beneficiaries of their accounts.  Thus, Plaintiffs argue that the facts of *Vogt* and *Weizmann* are so different from the facts of this case that the Court should permit Plaintiffs to continue with their claim.

Despite Plaintiffs' contentions, neither *Vogt* nor *Weizmann* held, let alone discussed, that New York's decision not to recognize the cause of action for tortious interference with an expected inheritance rested on whether the tortious interference was the result of direct action rather than inducements.  Moreover, Plaintiffs rely on the Restatement (Second) of Torts to set forth the elements of this claim, (Pls.' Opp. at 4-5), which decidedly does not distinguish between direct action and inducements.  *See* Restatement (Second) of Torts § 774B (1979) (setting forth the elements of the tort as follows: "One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift

that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.")

Even if such a distinction mattered in alleging this claim, which it does not, Plaintiffs pleaded in the alternative that if George and Julia made the changes to the beneficiaries of the accounts, rather than Defendant, then "those changes resulted from intentional and improper pressure exerted by [D]efendant upon George and Julia including deceit, misrepresentation, disparaging falsehoods and defamation." (AC ¶ 31.) In other words, Plaintiffs allege that Defendant "induced" George and Julia to change the beneficiaries of the accounts – the exact type of action that Plaintiffs concede cannot be the basis for a tortious interference with an expected inheritance claim in New York. (Pls.' Opp. at 16-18.)

In any event, "the fact remains that New York does not recognize a cause of action for tortious interference with an expected inheritance." *Rabuffetti*, 2011 WL 1346997, at *6. Accordingly, Plaintiffs' claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 17 and to close the case.

Dated: May 12, 2016  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge